JOHN A. HARTMAN ET AL. V. MIDLAND TRAC. CO. ET AL.

1. DEED OF DOUBTFUL IMPORT MAY BE EXPLAINED BY PAROL EVIDENCE.

Where a recital in a deed is of doubtful import, it will open the door for the admission of parol evidence to explain it.

2. DEED WILL BE REFORMED IF NOT EXPRESSING INTENTION OF PARTIES AS DISCLOSED BY READING IN CONNECTION WITH OPTION.

A deed reciting that land is conveyed in trust for interurban railway purposes, pursuant to a written option and proposal, which, when read in connection with such option, furnishes strong proof that the parties did not intend to convey all the land described in the deed, will be reformed by a court of chancery.

**Dempsey, Mallon & Vordenberg,** for plaintiffs.

**Gordon, Granger & DeWitt** and **C. W. Baker,** for defendants.

PER CURIAM.

The deed from the plaintiffs to the defendant, the Provident Savings Bank & Trust Company, trustee, contains a recital that the land described is conveyed "in trust for interurban railway purposes, pursuant to written option and proposal, executed in duplicate on August 9, 1902," and when read in connection with such option discloses a mistake against which equity will grant relief. Bispham, Pr. of Eq. Sec. 470.

If it be said that this construction is too liberal and that the recital is of doubtful import, it nevertheless opens the door to the admission of parol evidence, which, in this case, clearly shows that the intention of the parties is not expressed in the deed.

The addition of ten feet of ground to that described in the option without any other consideration, together with the resulting injury to the residue of the premises, including the dwelling house, furnish strong proof that the parties could not have intended to convey all the land described in the deed.

A like decree to that rendered by the common pleas court may be entered in this court.